IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES ODOM, an individual, and KENNETH GUNKEL, an individual, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case Number CIV-07-1146-C |
| RATLIFF OPERATING CORP., a Texas Corporation, | ) ) ) ) |
| Defendant. | ) |

### MEMORANDUM OPINION

Plaintiffs filed this case alleging that Defendant drilled a well which improperly drained hydrocarbons from lands on which Plaintiffs held the mineral rights.[*] Defendant has filed a motion for summary judgment, arguing the undisputed material facts demonstrate Plaintiffs cannot prevail.

### STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence

---

[*] Although Plaintiffs' Complaint contained eight "causes of action," each claim for relief was premised on the underlying allegation of improper drainage.

of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

In support of its motion, Defendant attaches the affidavit of Thomas Ratliff, who opines, based on his education, training, and experience, that a review of pertinent geological information establishes that Defendant's well has caused no drainage from Plaintiffs' acreage. Plaintiffs offer no evidence or argument to counter this point. Rather, Plaintiffs apparently concede the issue but argue their claim for breach of the lease

survives as Defendant did not challenge that claim. Plaintiffs' argument is not supported by the record. Regardless of whether it is denominated a claim or a cause of action, each of the issues raised by Plaintiffs depended for success on a finding that Defendant had caused drainage. Because Defendant's undisputed evidence precludes that finding, each of Plaintiffs' claims must fail.

Plaintiffs filed a motion seeking dismissal of their claims without prejudice. According to Plaintiffs, dismissal is proper because Defendant has not filed a counterclaim. The timing of Plaintiffs' request counsels against dismissal. Although Plaintiffs learned their case was not viable in July, they waited until mid-August, some 14 days after Defendant filed its summary judgment motion. Thus, Defendant was forced to incur additional expense in preparing the dispositive motion and in continuing to prepare for trial. As noted above, Plaintiffs have not offered any evidence to refute the facts established by Defendant's summary judgment motion. In <u>Phillips USA, Inc. v. Allflex USA, Inc.</u>, 77 F.3d 354, 358 (10th Cir. 1996), the Tenth Circuit set out a number of factors to be considered in evaluating a request for dismissal. After consideration of those factors and the circumstances in the present case, the Court finds dismissal is inappropriate. To dismiss at this stage would unduly prejudice Defendant.

As set forth more fully herein, the undisputed material facts demonstrate that Defendant caused no drainage on Plaintiffs' acreage. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 19) is GRANTED. Plaintiffs' Motion for Order of

Dismissal Pursuant to Rule 41(b) (Dkt. No. 20) is DENIED.  A separate judgment will issue.

    IT IS SO ORDERED this 9th day of September, 2008.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge