IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES ODOM, an individual, and<br>KENNETH GUNKEL, an individual,<br><br>                 Plaintiffs,<br><br>vs.<br><br>RATLIFF OPERATING CORP., a Texas<br>Corporation,<br><br>                 Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case Number CIV-07-1146-C<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiffs filed this case alleging that Defendant drilled a well which improperly drained hydrocarbons from lands on which Plaintiffs held the mineral rights. Defendant filed a motion for summary judgment, arguing the undisputed material facts demonstrated Plaintiffs could not prevail on their claims. After consideration of the evidence, the Court agreed with Defendant and entered judgment in its favor. Defendant has now filed a Motion for Attorneys' Fees arguing Plaintiffs proceeded in the case after learning there was no evidence to support their claims. According to Defendant, Plaintiffs' conduct was tantamount to bad faith and therefore the Court has the power to enter an award of fees.

Defendant's motion is governed by the principals set forth in Chambers v. NASCO, Inc., 501 U.S. 32 (1991), and City Nat'l Bank & Trust Co. v. Owens, 1977 OK 86, 565 P.2d

4 (overruled in part by statute).* In Chambers, the Supreme Court noted: "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers, 501 U.S. 45-46 (internal quotation marks and citations omitted). Thus, in certain circumstances, a court has the power to set aside the American Rule and award attorneys' fees without authorization from a statute or contract. Owens, 1977 OK 86, ¶ 15 565 P.2d at 8. "[H]owever, the inherent authority exception to the American Rule recognized in Owens (1) is a narrow one; (2) should be applied with a degree of caution and restraint; and (3) was not intended to grant trial courts some broad, all-encompassing equitable authority to award attorney fees." State ex rel. Tal v. City of Okla. City, 2002 OK 97, ¶ 26, 61 P.3d 234, 247. Applying these standards to the case at bar, the Court finds an award of fees is not warranted. While Plaintiffs' claim for drainage ultimately was found to be without merit, it cannot be said to have been brought in bad faith. As noted by Plaintiffs in their response to the present motion, even after they had been provided with the seismic data, questions remained in their mind that required disposition by the Court. Id. at ¶ 28, 248. That Plaintiffs ultimately failed in their quest does not mean their case was brought or pursued in bad faith, i.e., brought or pursued in a vexatious or wanton

---

* Because federal law and Oklahoma law are in agreement on the standards to be applied, it is unnecessary to decide whether or not the issue is one of substantive law. Chambers, 501 U.S. at 52 ("Only when there is a conflict between state and federal substantive law are the concerns of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), at issue.").

manner or engaged in for oppressive reasons. Id. at ¶ 26, 247. In the absence of such findings, an award of attorneys' fees is improper. Id. at ¶ 32, 248.

For the reasons set forth herein, Defendant Ratliff Operating Corp.'s Motion for Attorneys' Fees (Dkt. No. 27) is DENIED.

IT IS SO ORDERED this 29th day of October, 2008.

_/s/ Robin J. Cauthron_
ROBIN J. CAUTHRON
United States District Judge